SAMUEL B. YOUNG, ET AL., *v.* S. KAUFMAN & CO.

**Trustee—Purchase of Necessities.**

> When a trustee holds an estate of about $30,000, upon which the income amounts to $2,400 per annum, it is not extravagant for the owner of such estate to purchase goods for her use amounting to $766, when such purchase is reasonably necessary for her comfort and enjoyment, and when she gave orders on the trustee for such sum he was justified in accepting and paying same.

### APPEAL FROM HARDIN CIRCUIT COURT.

December 7, 1877.

OPINION BY JUDGE ELLIOTT:

Mr. Charles Miles, the father of the appellant, Eliza Young, by his will devised and bequeathed to a trustee for the use and benefit of the said Eliza during her life about $30,000 worth of property, which the trustee converted into· money and loaned at 8 per cent. interest, payable semi-annually, except some $2,500 worth of bank stock, which the trustee kept and which yields a dividend of 10 per cent., payable semi-annually.

During the year 1876, beginning in January of that year, Mrs. Young appears to have patronized the firm of appellees, who were merchants, buying such articles as are usually used by families of the social position of hers. On the 20th of November, 1876, appellants, Young and wife, executed and delivered to appellees three orders, amounting in all to $766.50, on Smith, who was the trustee of Mrs. Young. In these orders appellants acknowledge that interest is due on appellees' account from November 20, 1876. The trustee refused to pay these accounts, and appellees brought this suit upon their claim.

The appellants answered and denied that the articles contained in appellees' account were necessary to the support and maintenance or comfort of them and their family, and also denied that they purchased the merchandise charged, but stated that they did make the bill charged against them with the exception of about one hundred dollars worth of goods.

Smith, the trustee, answered, for he was made a party; and admitted that Eliza Young was entitled to the interest on some $28,000 that he had loaned out at 8 per cent. interest, and also the semiannual dividends on bank stock to the amount of $250 per annum, and that he had accepted orders and agreed to pay debts to the sum of about $1,100.

The court, on appellees' motion, directed the trustee, Smith, to pay them the amount of their account less one hundred dollars out of any unexpended balance in his hands belonging to Eliza Young, and from that order Young and wife and the trustee have appealed; and it is contended that the court erred because the debt sued for was not due at the rendition of the judgment. The orders copied in this judgment show that the debt was to bear interest from the 20th day of November, 1876, and was to be immediately paid if the trustee had the funds in his hands to pay it, and although the orders direct Smith to pay this amount and give him a certain time within which to do so, there is no intimation that the accounts were not due when the orders were drawn.

We are of opinion that the account of merchandise filed indicates no extravagance, but rather prudence in the purchase by a lady of an annual income of $2,400 per year; and the failure of appellants to controvert the account, except to the extent of one hundred dollars, and the trustee substantially admitting that he would soon have funds in his hands to pay off appellees' claim, we can see no error in the order made by the court on the trustee to pay first the prior claims due from him as trustee, and if he had any balance left to pay appellees' claim to the extent of such balance, and that judgment is therefore *affirmed*.

*Wilson & Hobson*, for *appellants*.

*J. W. Hogs, S. H. Bush*, for *appellees*.